UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:10-CV-4900 |
| ALEXANDER STEEL SALES, INC., and DON ALEXANDER, *Defendants*. | § § § § | |

## MEMORANDUM AND ORDER

This breach of contract action is before the court on defendants Alexander Steel Sales, Inc. (ASSI) and Don Alexander's motion to dismiss.[1] The motion is denied, the service on Alexander is quashed, and plaintiff Salzgitter Mannesmann International (USA) Inc. is ordered to re-serve Alexander no later than seven days after the date of this memorandum and order.

## Background

On December 8, 2010, Salzgitter filed a complaint, asserting breach of contract claims against the defendants.[2] The complaint noted Alexander's place of business and ASSI's address as One Betterworld Circle, Suite 220, Temecula, California 92590.[3] The complaint also stated that Alexander does business in Texas, but that neither defendant has an office, regular place of business, or registered agent in Texas. On December 9, 2010, the Clerk of Court issued a summons for each

---

[1] Dkt. 6.

[2] Dkt. 1.

[3] *Id.* ¶¶ 2–3.

defendant, using this address.[4] On December 23, 2010, the Texas Secretary of State forwarded a copy of the complaint and the summonses to Alexander and ASSI.[5] Defendants filed this motion to dismiss under Rules 12(b)(4) and 12(b)(5), arguing that Salzgitter failed to identify the addresses as a "home" or "home office," and that Salzgitter should have provided the Secretary of State with Alexander's home address instead of his place of business.[6]

On March 7, 2010, Salzgitter filed an amended complaint, noting that the above address is ASSI's and Alexander's home office address. The complaint also listed Alexander's home address as 22405 Fuerte Road, Temecula, California 92590. The next day, the Clerk of Court again issued summonses for Alexander and ASSI, and the Texas Secretary of State forwarded the amended complaint and new summonses to the defendants.[7] In light of these events, at a scheduling conference on April 7, 2011, the court ordered the parties to file supplemental briefing on defendants' motion to dismiss.[8] Salzgitter's supplemental response argues that (1) the amended complaint addressed all of the defendants' complaints, and thus moots their motion, and (2) the defendants have waived any objection to service because they did not file a Rule 12(b) motion attacking the service of the amended complaint.[9] The defendants replied, arguing that service was

---

[4] Dkts. 6-1; 6-2.

[5] Dkt. 5.

[6] Dkt. 6 ¶¶ 1, 8, 9.

[7] Dkt. 12.

[8] Dkt. 13. After the scheduling conference, the parties consented to magistrate judge jurisdiction. Dkt. 16.

[9] *See* Dkt. 17.

still defective, and that Alexander's home address—listed in the complaint and summons as 22405 Fuerte Rd.—is actually 24405 Fuerte Rd.[10]

## Standard of Review

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). A defendant may challenge defective service of process or a defective summons with a motion to dismiss under Rules 12(b)(4) and 12(b)(5). *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2010). "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner of method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharmaceutical Cos.*, 289 F. App'x 688, 691 n.3 (2008) (quoting Wright & Miller, *supra*, § 1353). Dismissal is generally not appropriate where "there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Cockerham v. Rose*, No. 3:11–CV–277–B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011) (quoting *Bowman v. Sanofi-Aventis*, No. A-09-CA492-SS, 2009 WL 5083431, at *2 (W.D. Tex. Apr. 16, 2009)). Rather, "a district court has discretion to quash the defective service of process and provide a plaintiff another opportunity to effect proper service of process." *Id.* (citing *Bowman*, 2009 WL 5083431, at *2).

## Analysis

Rule 4 authorizes service on an individual or corporation by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district

---

[10]Dkt. 18.

court is located." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Thus, the determination of defendants' motion rests on whether Salzgitter followed Texas law for serving defendants Alexander and ASSI.

In lieu of the ordinary service procedure, Texas's long arm statute authorizes substituted service of a nonresident through the Texas Secretary of State if, *inter alia*, the nonresident "engages in business in [Texas], but has not designated or maintained a resident agent for service of process." Tex. Civ. Prac. & Rem. § 17.044(a)(1). If this nonresident does not have a regular place of business in Texas, then the Texas Secretary of State is an agent for service of process for proceedings arising out of the nonresident's business in Texas. *Id.* § 17.044(b). If the nonresident meets these requirements, and "the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided." *Id.* § 17.045(a). Texas courts have construed this provision to require an allegation that service be on the "home or home office" of the defendant served. 59 Tex. Jur. 3d *Process, Notices, and Subpoenas* § 86 (2011) (citing *Whiskeman v. Lama*, 847 S.W.2d 327 (Tex. App.—El Paso 1993, no writ)). Texas courts routinely require strict compliance with these statutory requirements. *See, e.g.*, *Whiskeman*, 847 S.W.2d at 329; *Boreham v. Hartsell*, 826 S.W.2d 193, 197 (Tex. App.—Dallas 1992, no writ); *Carjan Corp. v. Sonner*, 765 S.W.2d 553, 555 (Tex. App.—San Antonio 1989, no writ).

The defendants argue that ASSI was not properly served under the Civil Practice and Remedies Code because Salzgitter did not identify its address as its "home office." As noted above, the majority of Texas courts strictly construe the statute to require the plaintiff to assert that a nonresident's address is his "home" or "home office." *See Boreham*, 826 S.W.2d at 197; *cf. Mahon*

4

*v. Caldwell, Haddad, Skaggs, Inc.*, 783 S.W.2d 769, 771 (Tex. App.—Fort Worth 1990, no writ) (screening the record for evidence that defendant's alleged "place of business" is his "home office"). The original complaint did not strictly meet this requirement, asserting the address was ASSI's location.[11] However, the amended complaint clearly avers that the address provided is ASSI's home office.[12] Thus, service of the amended complaint has mooted defendants concerns regarding Salzgitter's compliance with the "home office" requirement for service on ASSI.

With regard to service on Alexander, the long arm statute has been construed to require service on an individual's home address, rather than his home office address. *Chaves v. Todaro*, 770 S.W.2d 944, 946 (Tex. App.—Houston [1st Dist.] 1989, no writ). In the original complaint, Salzgitter only listed Alexander's "place of business." The amended complaint asserts that this address was also Salzgitter's "home office," and that his home address is 22405 Fuerte Road, Temecula, California 92590. This process was returned, as Alexander's home address is actually 24405 Fuerte Road, Temecula, California 92590. Since service to this incorrect address clearly does not strictly comply with the long arm statute, *see GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 n.1 (Tex. App.—Fort Worth 2003, pet. denied), Alexander has not been properly served.[13]

---

[11]Dkt. 1 ¶¶ 2–3.

[12]Dkt. 10 ¶¶ 2–3.

[13]To the extent Salzgitter argues that the defendants have waived any complaints regarding service, the amended complaint has not cured the defective service on Alexander, and thus the court treats the motion to dismiss as addressing both the original and amended complaints. *See* 6 Wright *et al.*, *Federal Practice and Procedure* § 1476 (3d ed. 2010) ("On the other hand, defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").
 Salzgitter argues alternatively that even if it is noncompliant with the Texas long arm statute, it has served Alexander's agent under Rule 4(e)(2). *See* Tex. Civ. Prac. & Rem. Code § 17.044(b). Although the case law regarding service of state-law created agents under Rule 4(e)(2) is sparse,

However, partial dismissal is not warranted in this case. It appears that Salzgitter made a typographical error in drafting the summons and amended complaint, and if the error is corrected Alexander may be properly served under the statute.

For the foregoing reasons, defendants' motion to dismiss is denied. The defective service on Alexander is quashed. Salzgitter shall amend its complaint and properly serve Alexander no later than seven days after this memorandum and order.

Signed at Houston, Texas, on May 16, 2011.

_____
Stephen Wm Smith
United States Magistrate Judge

---

> it is important to keep in mind that simply delivering a copy of the papers to the agent under Rule 4(e)(2) is not sufficient . . . when the relevant statute prescribes that additional steps must be taken before service of process is deemed complete. To construe Rule 4(e)(2) as authorizing complete service by simple delivery to the agent in this situation, although linguistically plausible, is improper and might lead to a violation of due process or constitute a circumvention of the requirements in a state or federal statute. Rule 4(e)(2) never was intended to permit that type of practice.

4A Wright *et al.*, *Federal Practice and Procedure* § 1098 (3d ed. 2010). If plaintiffs such as Salzgitter are able to serve nonresidents under the Rule 4(e)(2) simply by serving the Texas Secretary of State—even if the forwarding address is incorrect—the nonresident's due process rights appears to be in significant danger. For these reasons, Salzgitter cannot avail itself of Rule 4(e)(2) to avoid Texas's "home" or "home office" requirement.