UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:10-CV-4900 |
| ALEXANDER STEEL SALES, INC., and DON ALEXANDER, *Defendants*. | § § § § | |

### **MEMORANDUM AND ORDER**

This breach of contract action is before the Court on the summary judgment motion of plaintiff Salzgitter Mannesmann International (USA) Inc. ("SMI"). (Dkt. 23). A hearing on the motion was held on December 6, 2011 (Dkt. 38). Plaintiff's motion is granted.[1]

### **Background**

This case arises out of a settlement of a dispute after the termination of a joint venture between SMI and defendant Alexander Steel Sales, Inc. ("ASSI"). The joint venture involved the marketing and sale of oil country tubular goods, a type of steel pipe used in the oil industry. The settlement was guaranteed by defendant Don Alexander, the sole owner of ASSI. After making the down payment due upon execution of the settlement, ASSI and Alexander have admittedly failed to pay the amounts due. SMI has moved for summary

---

[1] Defendants Alexander Steel Sales, Inc. and Don Alexander have filed a motion to extend the deadline to respond to plaintiff's motion until November 3, 2011. (Dkt. 29). That motion is denied as moot.

judgment on its breach of contract claims against ASSI and Alexander for the $5.8 million due under the settlement, along with interest, attorneys fees, and costs.

## Standard of Review

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). A dispute is "genuine" if the evidence could lead a reasonable jury to find for the non-movant. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## Analysis

Defendants' sole defense[2] is that the settlement agreement is unenforceable because plaintiff forced defendants to sign the agreements under economic duress. (Dkt. 30). Economic duress consists of (1) a threat to do something a party has no legal right to do, (2)

---

[2]Defendant had also argued that the settlement agreement is unenforceable because of a failure of consideration on the part of plaintiff. (Dkt. 30). However, defendant withdrew this argument during the hearing. (Dkt. 38).

an illegal exaction or some fraud or deception, and (3) an imminent restraint that destroys the victim's free agency and leaves him without a present means of protection. *Wright v. Sydow*, 173 S.W.3d 534, 544 (Tex. App. ― Houston [14th Dist.] 2004).

Defendants only claim of a threat is that SMI would sue defendants for more than defendants thought they owed. Texas law is very clear that a threat to bring a lawsuit does not constitute duress. *See, e.g., Continental Cas. Co. v Huizar*, 740 S.W.2d 429, 430 (Tex. 1987) ("A threat to institute a civil suit or even the actual institution of suit does not, as a matter of law, constitute duress."). This is true even if the claim is "wrongful or unlawful." *Wright*, 173 S.W.3d at 544. Because Defendants have failed to point to any threat by SMI that could possibly constitute duress, this defense fails as a matter of law.

Furthermore, no genuine issue of material fact exists on the "fraud or deception" prong of defendants' duress defense. First, defendants do not allege any misstatement by SMI to defendants. They allege that SMI tried to hold ASSI liable for certain losses involving orders placed with SMI's affiliate that ASSI wanted SMI to cancel, but defendants were aware of this issue (and the affiliate status of the company) at least a year before signing the Settlement Agreement. (Dkt. 30-11). Defendants do not cite to any incorrect statement SMI made to them about this situation. They also allege some type of wrongdoing by SMI with respect to SMI's tax returns, but they allege that SMI has defrauded the IRS, not defendants. ASSI also had ample opportunity to make its own assessment of losses before the settlement. The settlement was entered into because the parties disputed the amount of the losses for the very reasons ASSI now raises, and the parties wanted to avoid litigation

over the amount of the losses. (Dkt. 28). Moreover, ASSI affirmed in the settlement agreement that it was not relying on any statements by SMI. (Dkt. 28). Such clauses are binding under Texas law and "conclusively negate" any allegations of reliance by defendants on any statement by SMI about the amount of the losses. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 182 (Tex. 1997).

Finally, defendants' concern about SMI "manufacturing a loss" is not an "imminent restraint." The case on which defendants principally rely, *Meyer Farms, Inc. v. Texaco,* 1999 WL 125725 (Tex. App.– Amarillo 1999, pet. denied), is not to the contrary. The court there acknowledged the general rule that "if a party is required to go into court to obtain the relief he threatens, the threatened party cannot assert duress, because there is no imminent restraint without present means of protection." *Id.* at *4. In that case, Texaco had threatened to terminate a gas purchase contract unless a new price structure was adopted. Because Texaco had no need to resort to the courts to terminate the contract and thereby injure Meyer's interests, the restraint was imminent and the duress defense was not disproven as a matter of law. By contrast, defendants here were concerned that "SMI still had pipe in its possession for which it was manufacturing a loss and for which it was seeking to hold ASSI liable." Defendants' Response at 9 (Dkt. 30). But SMI could seek to hold ASSI liable only by resorting to the courts. It necessarily follows, then, that defendants had "present means of protection," and were not subject to imminent restraint. *Meyer Farms,* 1999 WL 125725, at *4.

Because defendants have failed to raise a genuine issue of material fact on their duress defense, SMI is entitled to summary judgment on its claim.

## Conclusion

For the foregoing reasons, SMI's motion for summary judgment against both defendants (Dkt. 23) is granted. A separate final judgment will be entered after SMI submits its itemized request for attorneys fees and taxable costs. This request should be submitted no later than January 3, 2012.

Signed at Houston, Texas, on December 15, 2011.

Stephen Wm Smith
United States Magistrate Judge